UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DWANZA ALEXANDER,

            Petitioner,

v.

SUPERINTENDENT, A. TITUS,
ORLEANS CORRECTIONAL
FACILITY,

            Respondent.

Case #24-CV-06490 FPG

ORDER

---

## I.    **INTRODUCTION**

*Pro se* petitioner Dwanza Alexander ("Petitioner") filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, challenging the constitutionality of the judgment entered against him on January 28, 2019, in New York State Supreme Court, Monroe County,[1] following his *Alford* plea to first-degree rape (New York Penal Law ("P.L.") § 130.35(1)) and third-degree rape (P.L. § 130.25(3)). ECF No. 1 at 1.[2] On March 11, 2022, Petitioner's conviction was unanimously affirmed on direct appeal. *People v. Alexander*, 161 N.Y.S.3d 901 (4th Dep't 2022). Leave to appeal was denied on May 31, 2022. *People v. Alexander*, 38 N.Y.3d 1031 (2022).

---

[1] Petitioner was sentenced to a term of 11 years' imprisonment to be followed by 15 years' post-release supervision. *Id.* Although Petitioner was in Respondent's custody at the time the petition was filed, he subsequently was released to parole supervision. ECF No. 7 at 2. However, Petitioner's conditional release does not moot the petition because he challenges a felony conviction, which gives rise to a presumption of collateral consequences. *See, e.g., Burch v. Millas*, 663 F. Supp. 2d 151, 157 (W.D.N.Y. 2009) (where the petitioner challenged the underlying felony conviction that led to his detention, the presumption of collateral consequences existed, notwithstanding the petitioner's completion of his sentence (citing *Spencer v. Kemna*, 523 U.S. 1, 7-8 (2002)).

[2] Page citations to Petitioner's and Respondent's pleadings are to the pagination automatically generated by the Court's case management and electronic filing system (CM/ECF) and located in the header of each page.

On April 30, 2023, Petitioner filed a *pro se* motion to vacate the judgment under New York Criminal Procedure Law ("C.P.L.") § 440.10 ("440 motion"), asserting newly discovered evidence and ineffective assistance of trial counsel. ECF No. 3 at 3. The trial court assigned Melissa Wells Spicer, Esq. ("motion counsel") to represent him. *Id.* The trial court denied the 440 motion without a hearing on October 17, 2023 ("440 order"). *Id.*

Petitioner then filed the instant petition asserting the following grounds for habeas relief: (1) trial counsel was ineffective for (a) failing to move to transfer the case to family court and (b) failing to use an affidavit provided by Pamela Alexander, which would have proved that the crime charged was a "Family Offense," *see* ECF No. 1 at 5 ("Ground One"); (2) Petitioner was deprived of notice and the opportunity to be heard on the 440 motion because there was "no appealable order," the prosecution never served him personally with its affirmation in opposition, and assigned motion counsel never met with Petitioner, *see id.* at 6 ("Ground Two").

The Court granted Petitioner's application to proceed *in forma pauperis* and, as required by Rule 4 of the Rules Governing § 2254 Petitions in the District Courts, 28 U.S.C.A. foll. § 2254, conducted an initial review of the petition. ECF No. 3. The Court found that the petition contained only unexhausted claims. *Id.* at 10. The Court also determined that it lacked sufficient information to determine: (1) whether the 440 motion was still pending and (2) how much time remained, if any, on the one-year statute of limitations applicable to § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1). *Id.* at 10-11.

Accordingly, the Court asked Respondent to provide information as to whether the Monroe County District Attorney's Office had served a copy of the order denying the 440 motion with notice of entry on Petitioner, as required by New York State law. *Id.* at 11. The Court also requested that Respondent provide a status update regarding the 440 motion, including whether

Petitioner had filed an application for leave to appeal to the Appellate Division, Fourth Department, of New York State Supreme Court ("Fourth Department").

Respondent timely responded to the Court's order by filing a letter, ECF No. 7, with attachments, ECF No. 7-1. Respondent states that the Monroe County District Attorney's Office served Petitioner's motion counsel with a copy of the 440 order on November 17, 2023. ECF No. 7 at 1. Respondent enclosed a copy of the affirmation of service reflecting such service by mail. ECF No. 7-1 at 1. Respondent also was informed by the Fourth Department that it had not received any application for leave to appeal the denial of the 440 motion. ECF No. 7 at 1-2.

For the reasons below, the Court finds that, based on the information supplied by Respondent, the petition was not filed within the one-year statute of limitations applicable to Section 2254 petitions. Petitioner will be afforded an opportunity to demonstrate that the petition should not be dismissed as untimely or, in the alternative, that he is entitled to an equitable exception to the limitations period. The Court will defer further evaluation of the petition's exhaustion status pending resolution of the statute of limitations question.

## II.  DISCUSSION

### A.  Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended the federal habeas statute by, among other things, imposing a one-year limitations period on habeas petitions brought under the authority of 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The limitations period begins to run upon the latest of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

### 1.   Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2); *see also Collins v. Ercole*, 667 F.3d 247, 252-53 (2d Cir. 2012) (finding that § 2244(d)(2) tolls the limitations period *only* for those applications that seek review of part or all of the judgment (i.e., conviction and sentence) challenged in the habeas petition). "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam).

To determine the date on which an application for post-conviction or other collateral review in state court is "properly filed" for purposes of 28 U.S.C. § 2244(d)(2), the Second Circuit applies the prison mailbox rule, not the state's filing rules. *See Fernandez v. Artuz*, 402 F.3d 111, 114, 116 (2d Cir. 2005) (finding that the petitioner's state *coram nobis* motion was "properly filed" on the date he delivered it to prison authorities for mailing). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000); *see also Carey v. Saffold*, 536 U.S. 214, 217, 221 (2002) (approving the Second Circuit's definition of "pending").

"With regard to filing dates, the Supreme Court and the Second Circuit both appear to consider the date on which a post-trial collateral challenge is filed to be excluded from the limitations period." *Brooks v. Sticht*, No. 20-CV-1108 (JLS), 2022 WL 1190456, at *13 (W.D.N.Y. Apr. 21, 2022) (quoting *Chrysler v. Guiney*, 14 F. Supp. 3d 418, 439 (S.D.N.Y. 2014)). As far as when tolling ends, "[t]he prevailing approach in the Second Circuit is 'not to exclude from the limitations period the date on which a state court files a final judgment resolving the pending motion or petition.'" *Id.* (quoting *Chrysler*, 14 F. Supp. 3d at 439). "In other words, the date on which the state court issues its final order counts against the time remaining on the limitations period." *Banks v. Macintosh*, No. 6:21-CV-06586 EAW, 2024 WL 3493311, at *8 (W.D.N.Y. July 22, 2024).

### 2. Equitable Exceptions: Equitable Tolling and Actual Innocence

The one-year period is also subject to equitable tolling, which is warranted when a petitioner has shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011). "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* A petitioner cannot demonstrate the required causal relationship if, "acting with reasonable diligence, [he] could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

The other way a petitioner can escape the preclusive effect of the statute of limitations is by making a "gateway" showing of "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To do so, the petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). That new, reliable evidence must demonstrate that it is "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* at 327. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

### B.   Filing Date of the Petition

Petitioner was incarcerated and unrepresented at the time he commenced this action under 28 U.S.C. § 2254. Therefore, he is entitled to application of the prison mailbox rule, which provides that "a *pro se* prisoner's habeas petition is deemed filed at the moment he gives it to prison officials." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order). The Second Circuit has "never required prisoners to provide affidavits of service to verify when they give their documents to prison officials." *Id.* "Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Id.* (collecting cases).

The petition, ECF No. 1, is postmarked on August 6, 2024, and was received by the Clerk's Office on August 7, 2024, ECF No. 1-3 at 2. Petitioner has certified that he placed the petition in the prison mailing system on July 5, 2024, ECF No. 1 at 23, but the date in July on which he signed the certification is unclear, *id.*[3] With no concrete evidence to the contrary, the Court deems the

---

[3] It looks as though a capital letter "J" was typed over a capital letter, "L," or vice versa. Either way, what proceeds the word "July" is not an identifiable numeral. *See* ECF No. 1 at 23.

petition to have been handed over to prison officials, and therefore filed, on July 5, 2024. *See Corrigan v. Barbery*, 371 F. Supp. 2d 325, 328 n.4 (W.D.N.Y. 2005).

### C.     Timeliness of the Petition

Because there will be a "judgment of conviction" in all criminal cases, subsection (A) of § 2244(d)(1) usually governs the commencement of the limitations period for § 2254 petitions. *See Simmons v. United States*, 974 F.3d 791, 798 (6th Cir. 2020) (in the context of habeas petition filed under 28 U.S.C. § 2255, "the one-year period will, as a default, be triggered by Section 2255(f)(1)" since "[t]he 'judgment of conviction' referenced in Section 2255(f)(1) is the only event mentioned in Section 2255(f) that will necessarily occur in every case"); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 815-16 (2d Cir. 2000) (stating that 28 U.S.C. §§ 2254 and 2255 are "generally seen as *in pari materia*" and therefore "the reasoning of [cases] in the context of § 2255 petitions applies equally to § 2254 petitions").

"Habeas corpus relief may be sought in excess of one year of a conviction becoming final if the circumstances set forth in 28 U.S.C. § 2244(d)(1)(B)[,](C)[,] or (D) are present." *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999). There is no information in the petition from which the Court can infer that one of the alternative start-dates in subsections (B) or (C) of § 2244(d)(1) are appropriate for calculating the limitations period in this case. That is, Petitioner does not suggest that he was impeded from filing in a timely fashion by any state action, and therefore subsection (B) of § 2244(d)(1) does not apply. Likewise, Petitioner is not relying on any right made retroactively applicable on collateral review, which means that subsection (C) of § 2244(d)(1) is inapplicable.

However, Petitioner's claim of "newly discovered evidence," raised in the 440 motion, suggests that the subsection (D) might be applicable. *See McQuiggin v. Perkins*, 569 U.S. 383,

388-89 (2013) (stating that if the petition alleges newly discovered evidence, the filing deadline is calculated based on § 2244(d)(1)(D)). The Court will first analyze timeliness using the default start-date in subsection (A) and then will consider whether the circumstances of this case warrant reliance on the start-date in subsection (D).

1. 28 U.S.C. § 2244(d)(1)(A)

For petitioners who do not pursue direct review of their convictions all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in th[e] [Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see also* U.S. Sup. Ct. R. 13(1) (stating that a *certiorari* petition is timely if filed within 90 days after the relevant judgment). The New York Court of Appeals denied Petitioner's application for leave to appeal on March 31, 2022, and there is no indication that he sought a writ of *certiorari*. His conviction therefore became final 90 days later, on August 29, 2022.

Petitioner had one year from that date, or until August 29, 2023, in which to file the instant § 2254 petition. *See, e.g., Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998) (stating that since statute of limitations applicable to § 2254 and § 2255 petitions is measured in years, "the last day for instituting the [petition] is the anniversary date of the start of the limitations period" (citing Fed. R. Civ. P. 6(a); *Day v. Morgenthau*, 909 F.2d 75, 79 (2d Cir. 1990)). The petition was filed on July 5, 2024, more than two years after the expiration of the one-year period. Therefore, it is untimely under 28 U.S.C. § 2244(d)(1)(A) unless Petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on the 440 motion.

As noted above, Petitioner filed the 440 motion on April 30, 2023. ECF No. 3 at 3, ECF No. 7-1 at 2. The trial court denied the 440 motion on October 17, 2023. ECF No. 7-1 at 6.

However, the 440 motion "did not cease to be pending on that date, because [Petitioner] still was entitled to seek discretionary leave to appeal the denial of that motion, and indeed was required to do so in order to exhaust any of the claims raised therein." *Vincent v. Lape*, No. 07-CV-6007L, 2007 WL 4224198, at *3 (W.D.N.Y. Nov. 26, 2007) (footnote omitted). To appeal the denial of a C.P.L. § 440.10, the petitioner must obtain a certificate granting leave to appeal pursuant to C.P.L. § 460.15. N.Y. Crim. Proc. Law § 450.15. An application for such leave to appeal must be filed "[w]ithin thirty days after service upon the defendant of a copy of the order sought to be appealed." N.Y. Crim. Proc. Law § 460.14(a).

Here, Petitioner was served with a copy of the order denying the 440 motion on November 17, 2023. ECF No. 7-1 at 1. He had until December 18, 2023,[4] to submit his leave application to the Appellate Division. To date, there is no suggestion that he has done so.

Thus, by the time the 440 motion was filed on April 30, 2023, 244 days had elapsed (August 29, 2022, to April 30, 2023), leaving 121 days remaining on the one-year statute of limitations. The 440 motion ceased to be pending on Monday, December 18, 2023, and the limitations period began running again on that date. The statute of limitations expired 121 days later, on Wednesday, April 17, 2024. However, the petition was not filed until 79 more days elapsed, on Friday, July 5, 2024. Even with statutory tolling, the petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

---

[4] Thirty days after November 17, 2023, fell on Sunday, December 17, 2023. Under the Second Circuit's precedent, Federal Rule of Civil Procedure 6 applies to the calculation of AEDPA's limitations period for § 2254 petition. *See Mickens v. United States*, 148 F.3d 145, 148 (2d Cir. 1998) (applying Federal Rule of Civil Procedure 6 to calculations involving AEDPA's analogous one-year limitations period for motions to vacate filed by federal prisoners under 28 U.S.C. § 2255). Because AEDPA's limitations a period is measured in days or longer units, the Court must "count every day, including intermediate Saturdays, Sundays, and legal holidays," Fed. R. Civ. P. 6(a)(1)(B), and must "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday," Fed. R. Civ. P. 6(a)(1)(C). Therefore, the first CPL § 440.10 motion ceased to be pending on Monday, December 18, 2023.

2. 28 U.S.C. § 2244(d)(1)(D)

As noted above, under subsection (D), the limitations period does not begin running until "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "Congress did not provide a definition of the term 'factual predicate,' as used in § 2244(d)(1)(D)[,]" but the Second Circuit has agreed with its sister circuits "that a factual predicate consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (quoting *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); citation omitted). "Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim." *Id.*

The "newly discovered evidence" claim in Petitioner's 440 motion was based on two affidavits, one from Santonia Sanders, sworn to on April 10, 2023; and one from Pamela Alexander, sworn to on April 6, 2023. ECF No. 7-1 at 3-4. However, the dates on which Santonia Sanders and Pamela Alexander provided their affidavits are not determinative because "the question for purposes of Section 2244(d)(1)(D) is not when [the] petitioner received a particular document." *Romano v. Stanford*, No. 16-CV-5884 (RPK), 2022 WL 1488661, at *12 (E.D.N.Y. May 11, 2022) (the petitioner argued that the statute of limitations for a due process claim based on information in an affirmation signed by the prosecutor could not have started to run until the petitioner received the affirmation itself, because he "could not have 'discovered' this affirmation prior to [the prosecutor] having written it'"; district court rejected argument); *see also Lucidore v. New York State Div. of Parole*, No. 99 CIV. 2936 AJP, 1999 WL 566362, at *5 (S.D.N.Y. Aug. 3, 1999) ("The 'newly discovered evidence' AEDPA limitations period 'runs from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim.'" (quoting *Youngblood v. Greiner*,

97 Civ. 3289, 1998 WL 720681 at *4 n.4 (S.D.N.Y. Oct. 13, 1998)), *aff'd*, 209 F.3d 107 (2d Cir. 2000).

Instead, the relevant question is "when 'the factual predicate of the claim . . . could have been discovered through the exercise of due diligence.'" *Romano*, 2022 WL 1488661, at *12 (ellipsis in original) (quoting 28 U.S.C. § 2244(d)(1)(D)). Petitioner has not provided copies of the affidavits to this Court. The trial court, in denying the 440 motion, stated that Sanders's affidavit "reveal[ed] no personal knowledge of relevant events and consist[ed] of multi-layered hearsay." ECF No. 7-1 at 3-4. As for Pamela Alexander's affidavit, the trial court noted that she "aver[red] that at an unspecified point after the victim accused defendant of rape, the victim telephoned her and told her defendant did not actually rape her and she (the victim) fabricated the allegations to get defendant out of the home." *Id.* at 4. Pamela Alexander also stated in her affidavit that she was never contacted by Petitioner's attorney. *Id.* However, as the trial court observed, both Santonia Sanders and Pamela Alexander were listed as witnesses on "Defendant's Witness List," *id.* at 8. Clearly, Petitioner and his attorney were aware of these individuals prior to the time trial commenced in December 2018. *See, e.g., id.* (finding that "an essential allegation of defendant's claim, that counsel failed to investigate Pamela Alexander and claiming should [sic] would not be credible, is 'conclusively refuted by unquestionable documentary proof'"). Based on the documents before this Court, it does not appear that "the vital facts underlying the claim," *Rivas*, 687 F.3d at 535 (internal quotation marks omitted), could not have been discovered through the exercise of due diligence until April 2023, because the defense clearly was aware of the existence of Santonia Sanders and Pamela Alexander and apparently believed they had testimony to offer that was favorable to the defense. Therefore, the start-date in § 2244(d)(1)(D) does not seem to be applicable here.

### D.  Notice and Opportunity to be Heard

The Second Circuit has held that a district court may raise AEDPA's statute of limitations *sua sponte*. *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). But before dismissing a petition as untimely, the district court generally must provide notice to the petitioner and an opportunity to be heard. *Id.* at 125. Accordingly, Petitioner is directed to respond in writing as to why his petition should not be dismissed as untimely. If Petitioner believes that there is additional information that would demonstrate his entitlement to the later start-date in Section 2244(d)(1)(D), he must include all facts relevant to that determination in his response. If Petitioner believes he is entitled to have the limitations period equitably tolled, he must include facts showing that extraordinary circumstances prevented him from filing a timely petition, and that he acted with reasonable diligence during the period for which he now seeks tolling. Finally, if Petitioner believes he has a gateway claim of actual innocence, he must include non-conclusory, detailed facts describing the new, reliable evidence of his innocence.

Petitioner's written response is due within 45 days of the date of entry of this order. If Petitioner does not file his response within the 45-day deadline, the Court will dismiss the petition without further order as untimely.

### III.  CONCLUSION

Because the petition was filed more than one year after the judgment of conviction became final, it is untimely under 28 U.S.C. § 2244(d)(1)(A). In accordance with Second Circuit precedent, Petitioner must be given notice and opportunity to be heard before the petition may be dismissed as untimely. To that end, Petitioner is directed to respond in writing, as directed above, within 45 days of the date of entry of this order.

- 13 -

If Petitioner does not file his response within the 45-day deadline, the Clerk of Court shall dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d)(l)(A) without further order of this Court.

SO ORDERED.

_____
HON. FRANK P. GERACI, JR.
United States District Court

Dated:   December 5, 2025
         Rochester, New York